United States District Court
Southern District of Texas

**ENTERED**

May 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STORMI MABRY ARNOLD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06305 |
| | § | |
| ROBERT HOSKINS, II, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court is Defendants Robert Hoskins II and Hong Nguyen Hoskins's (collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss (Doc. No. 9). Plaintiff Stormi Mabry Arnold ("Arnold"), proceeding *pro se*, failed to file a response to the Motion to Dismiss and failed to appear for the Initial Conference before Magistrate Judge Richard Bennett. (Doc. No. 11). Nevertheless, the Court addresses the pending Motion.

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not

bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

On December 29, 2025, Arnold filed a largely handwritten "Employment Discrimination Complaint" against the Defendants. (Doc. No. 1). Though the Complaint is difficult to decipher, Arnold describes an incident related to a real estate transaction and "title fraud"—not an employment discrimination case. (*Id.*). Generally, Arnold complains that while she had filed for bankruptcy, her mortgage loan was mishandled and the bank foreclosed on her property. (*Id.*). Arnold does not allege that she was employed by the Defendants, nor does she allege that she discriminated against, in any way, by the Defendants. (*Id.*). Even more broadly, Arnold does not allege any facts that connect the Defendants to the alleged real estate transaction. (*Id.*). Other than the label of an "Employment Discrimination Complaint," Arnold does not assert any causes of action. (*Id.*).

The Court finds that after accepting all well-pleaded facts as true and viewing those facts in the light most favorable to Arnold, this Complaint does not state a plausible claim for relief. Accordingly, the Court **GRANTS** the Defendants' Motion to Dismiss (Doc. No. 9). This case is hereby dismissed without prejudice. This is a final judgment.

It is so ordered.

Signed on this the ___ day of May 2026.

Andrew S. Hanen
United States District Judge

2